**UNITED STATES of America,
Appellee,**

v.

**Francisco VALENTIN and Yuri
Garcia, Defendants–
Appellants.**

Nos. 05–6409–cr, 05–6417–cr.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Lawrence D. Gerzog, New York, NY, for Appellant Yuri Garcia.

Glenn A. Garber, New York, NY, for Appellant Francisco Valentin.

Katherine Polk Failla, Assistant United States Attorney (Christopher P. Conniff, of counsel; Michael J. Garcia, United States Attorney, Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Francisco Valentin and Yuri Garcia appeal from the November 21, 2005, final judgments of the United States District Court for the Southern District of New York (Kaplan, *J.*), which resentenced Valentin and Garcia following a remand from this Court. *See United States v. Garcia*, 413 F.3d 201 (2d Cir.2005).

We assume the parties' familiarity with the facts, procedural history, and issues presented for review. In brief, Valentin and Garcia were convicted (along with other defendants) of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and distribution or possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). This Court's opinion remanding Valentin's and Garcia's original sentences to the district court includes a full description of the offense conduct. *See Garcia*, 413 F.3d at 205–10. Garcia, the only defendant to go to trial, was originally sentenced to 292 months' imprisonment; Valentin was originally sentenced to 210 months' imprisonment on

his guilty plea. *Id.* at 221. On appeal, Garcia's conviction was upheld. *See id.* at 210–20. However, pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the cases were remanded for further proceedings to determine whether a resentencing was necessary in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Deciding that the Guidelines' advisory character (as recognized in *Booker*) would have resulted in materially different sentences, the district court concluded that resentencing was appropriate, and resentenced Garcia and Valentin to terms of imprisonment of 240 months and 175 months, respectively.

"[W]e review a sentence for reasonableness," which entails "consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge," but instead looks to whether the sentencing court " 'exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.' " *Id.* at 27 (quoting *Crosby*, 397 F.3d at 114 (alterations omitted)).

### 1. The Court's Rationale for Valentin's Sentence

Valentin argues that his 175–month sentence should be overturned as both substantively and procedurally unreasonable because it was "inconsistent with the district court's own sentencing rationale." According to Valentin, the district court indicated an intention to render a non-Guidelines sentence corresponding to the Guidelines range that would have resulted

had Valentin not been eligible for a supervisory enhancement under U.S.S.G. § 3B1.1(c). Valentin points out that had he not supervised co-defendant Alejandro Tejada, who worked for Valentin and Garcia as a drug courier, he would not have been assigned a two-level supervisory enhancement under § 3B1.1(c), and he would have been eligible for a two-level "safety valve" reduction under U.S.S.G. § 5C1.2. This would have resulted in an offense level of 33.

Valentin is correct that the district court expressed discomfort that co-defendant DeArmas (who, as Valentin and Garcia's supplier, was responsible for a larger drug quantity than Valentin) received a lighter sentence solely because he supervised no one. And the district court observed that, if Valentin had received safety valve relief, he would have been at offense level 33, like DeArmas. But Valentin's arguments are nonetheless unavailing. The district court concluded that, for the purposes of the Guidelines, Valentin's offense level was 37, not 33. The district court's mention of the hypothetical possibility that Valentin might have received safety valve relief did not obligate the district court to grant such relief in its non-Guidelines sentence. Even though the district court decided that the impact of the supervisory enhancement was unnecessarily severe under the circumstances, and that a non-Guidelines sentence was therefore appropriate, the court clearly expressed its view that the supervisory enhancement was technically proper, and that the final non-Guidelines sentence would reflect something slightly *above* that which would have been rendered absent any supervisory enhancement. Moreover, the district court noted that even if Valentin had not received the supervisory enhancement, his entitlement to safety valve relief was uncertain. So

the 175–month sentence, which was near—but not at—the low end of the sentencing range corresponding to an offense level of 35, was in fact quite consistent with the district court's rationale; it nearly eliminated the impact of the two-level supervisory enhancement. We therefore have no occasion to discuss whether and to what degree any inconsistency between the sentence and the district court's reasoning would have rendered the sentence unreasonable.

### 2. *Unwarranted Disparities Under 18 U.S.C. § 3553(a)(6)*

■ Valentin points out the district court's acknowledgment that Garcia's decision to take his case to trial made it more likely that Valentin would have received safety valve relief than Garcia (if neither defendant had supervised Tejada); Valentin argues that because he and Garcia were otherwise similarly situated, the district court violated 18 U.S.C. § 3553(a)(6) when it failed to grant Valentin a greater reduction than it granted Garcia. However, while we do not "object to district courts' consideration of similarities and differences among co-defendants when imposing a sentence," *United States v. Wills*, 476 F.3d 103, 110 (2d Cir.2007), we have never held that § 3553(a)(6) itself requires such an inquiry; the primary purpose of § 3553(a)(6) is to discourage *nationwide* disparities between similarly situated defendants. *See id.* at 109. That said, where there is a disparity between co-defendants' sentences, "we may remand [if a] defendant credibly argues that the disparity in sentences has no stated or apparent explanation." *United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir.2006).

Valentin complains not of a disparity in sentence; he complains of what is in his

view an unwarranted similarity in the degree of lenience on resentencing. These arguments are unavailing. The district court noted that the application of the safety valve provision was uncertain as to *both* defendants, and again, the district court appears to have rendered non-Guidelines sentences as to both defendants that eliminated much—though not all—of the two-level supervisory role enhancement without regard to safety valve relief for either defendant. To the extent the district court relied on the greater likelihood that Valentin might have received safety valve relief, it did so only as an additional reason why the disparity created by Garcia's decision to go to trial should be maintained on resentencing. We see nothing improper about this; the district court was certainly not required to incorporate its speculation about safety valve relief into the sentences it rendered.[1]

For his part, Garcia complains that, given the similarity between his and Valentin's criminal conduct, the district court should have sentenced him at the same level it sentenced Valentin. But a reasonable explanation for this sentencing phenomenon is apparent: Valentin pleaded guilty, while Garcia took his case to trial, *see Ebbers,* 458 F.3d at 129, and therefore Valentin received an acceptance of responsibility reduction under the Guidelines, which the district court was entitled to reflect in its non-Guidelines sentence. Garcia argues that the disparity inappropriately punishes him for exercising his right to a jury trial. But it is well estab-

lished that the availability of a sentencing reduction for acceptance of responsibility cannot be interpreted as a punishment of defendants who maintain their innocence, nor does it otherwise derogate their rights. *See United States v. Parker,* 903 F.2d 91, 105–06 (2d Cir.1990).

■ Garcia and Valentin both argue that their sentences are too high when compared with DeArmas's. But they were not similarly situated to DeArmas. He pleaded guilty, and Garcia did not; Garcia and Valentin supervised a courier, and DeArmas did not. *See Fernandez,* 443 F.3d at 31–32 ("[A]ssuming arguendo that 18 U.S.C. § 3553(a)(6) can support a reduced sentence designed to eliminate or diminish disparity between the sentences imposed on co-defendants, those co-defendants would have to be similarly situated ...." (footnote omitted)). The district court's discomfort with the disparity the supervision enhancement created between the defendants and DeArmas (who distributed greater quantities of cocaine) was the primary justification for the non-Guidelines sentences; the court was not bound to eliminate the disparity altogether.

In the end, this Court's role is to evaluate the reasonableness of each individual non-Guidelines sentence in light of *all* of the factors in 18 U.S.C. § 3553(a), and our review is akin to abuse of discretion review. *See Fernandez,* 443 F.3d at 27. Even assuming § 3553(a)(6) called for sentencing courts to strive for both parity between similarly situated co-defendants

1. Valentin also complains that Garcia's sentence was reduced by more months than Valentin's was. But Garcia's sentence was evidently reduced more than Valentin's solely because the difference between the minimum sentences for offense levels 40 and 38 (57 months) is greater than the difference be-

tween the minimum sentences for offense levels 37 and 35 (42 months). *See* U.S.S.G. Ch. 5, Pt. A. We see no error in the district court's decision to utilize the sentencing tables to render a non-Guidelines sentence representing something near to a two-level reduction.

and meaningful distinction between co-defendants with differing characteristics, our role would never be to conduct a de novo review to ensure that the differences between various defendants' sentences corresponded mathematically to their varying degrees of culpability. "[I]f sentencing disparities between co-defendants are properly considered, the weight to be given such disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir.2006) (alterations and internal quotation marks omitted). The district court carefully considered the differences and similarities between the co-defendants here, and we see nothing unreasonable in either the similarity between the reductions granted to each or the difference between the sentences given to Valentin, Garcia and DeArmas.

### 3. Family Circumstances

■ Valentin complains that the district court ignored his background and family circumstances, considerations that are not ordinarily a ground for downward departure but are arguably relevant to the inquiry into the "history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1). *See United States v. Trupin*, 475 F.3d 71, 75 n. 5 (2d Cir.2007) ("[W]e assume without deciding that Trupin's age and family needs are proper considerations under section 3553(a)(1)."). Valentin is incorrect; the district court acknowledged receiving Valentin's submissions and noted before rendering sentence that it had taken "into account what [it had] learned about both of these defendants, their fami-

lies [and] their ambitions for the future...." Oct. 21, 2005 Sentencing Tr. at 33. We "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors" in § 3553(a). *Fernandez*, 443 F.3d at 30. The district court was not required to engage in an extended discussion of Valentin's family circumstances, and "we will not conclude that a district judge shirked [his] obligation to consider [a] § 3553(a) factor [ ] simply because [he] ... did not expressly parse or address every argument relating to th[at] factor [ ] that the defendant advanced." *Id.*; *see also United States v. Banks*, 464 F.3d 184, 190 (2d Cir.2006) ("[T]here is no requirement that the court ... explain how each [§ 3553(a) ] factor affected the court's decision.").

### 4. Use of a Guidelines Range to Fashion a Non–Guidelines Sentence

■ Garcia takes issue with the district court's use of the sentencing tables in fashioning a non-Guidelines sentence; according to Garcia, the district court misapprehended the scope of its discretion when it applied a non-Guidelines sentence corresponding to an alternate Guidelines range, rather than fashioning a sentence utilizing the § 3553(a) factors without reference to any particular Guidelines offense level. This argument is unavailing. Under 18 U.S.C. § 3553(a)(4), sentencing courts must weigh the applicable Guidelines range; and the Guidelines provisions are more than just "another factor" among those in § 3553(a). *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir.2006) (internal quotation marks omitted). "It [is] not error for [the sentencing judge] to employ the Guidelines range as a starting point and then to determine whether the

arguments presented pursuant to the § 3553(a) factors warrant [ ] lightening of, or fashioning of an alteration to, the advisory Guidelines sentence...." *Fernandez,* 443 F.3d at 34 n. 11 (internal quotation marks, alterations and citations omitted). That is what the sentencing court did here. There is certainly no requirement that a sentencing court *ignore* the Guidelines once it decides that a non-Guidelines sentence is appropriate.

### 5. The Potential Sufficiency of a More Lenient Sentence for Garcia

■ Garcia argues that the district court erred in considering whether the sentence was sufficient to comply with the purposes of § 3553(a)(2) without considering whether a lower sentence would also be sufficient. But as we said in *United States v. Fleming,* "[a]s long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." 397 F.3d 95, 100 (2d Cir.2005). Here, it is clear that the district court carefully considered what type of punishment was necessary and determined that even though a severe punishment was necessary in light of the seriousness of Garcia's and Valentin's conduct, some reduction from the applicable Guidelines range was warranted. There is nothing in the record to suggest that the district court was unaware of the possibility that the sentence could theoretically be even lower; rather, all indications are that the district court thought any greater reduction would be inappropriate. *See Fernandez,* 443 F.3d at 30 ("no 'robotic incantations' are required to prove the fact of consideration" of any particular

§ 3553(a) factor) (internal citation omitted).

### 6. Substantive Unreasonableness

■ Garcia challenges the length of his sentence as substantively unreasonable in light of his lack of a criminal history, his family background, the nonviolent nature of his crimes, and the relatively lenient sentence given to DeArmas. But the applicable Guidelines range took into account Garcia's lack of a criminal history along with other characteristics; there is no presumption that a sentence within the applicable Guidelines range is reasonable, but we see nothing on the record that places Garcia's case outside of the "overwhelming majority of cases [in which] a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez,* 443 F.3d at 27. In fact, the district court selected a non-Guidelines sentence that was 52 months shorter than the low end of the applicable Guidelines range for the very same reasons that Garcia cites. We agree with the district court that, given the amount of cocaine involved in the conspiracy, a severe sentence was appropriate for both defendants.

For the reasons set forth above, the judgments of the district court are hereby **AFFIRMED.**